UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**Diana Lynn Anglada,**

*Plaintiff*,

v.

**Marc Andre Chiffert,**

D*efendant.*

Civil No. 24-01431 (MAJ)

### OPINION AND ORDER

#### I. Introduction

This case involves a series of claims arising out of a failed romantic relationship between Diana Lynn Anglada ("Plaintiff") and Marc Andre Chiffert ("Defendant"). On October 30, 2024, Plaintiff filed the instant Motion, requesting that the Court enter an Order prohibiting the sale, mortgage, or encumbrance of property allegedly held in common between Plaintiff and Defendant. (**ECF No. 46**). Plaintiff also requests that the Court schedule a hearing to adjudicate the Motion. Because Plaintiff has provided insufficient information to justify the requested pre-judgment attachment of the property in question, the Motion is **DENIED**.

#### II. Background

According to the allegations set forth in the Complaint, Plaintiff and Defendant began a romantic relationship in November 2023. (**ECF No. 31 at 2 ¶ 6**). Within some three months, the parties had moved in with one another and initiated what Plaintiff alleges was "a formal domestic relationship." *Id*. at 2 ¶¶ 8–9. Indeed, according to the Complaint, Defendant publicly presented the relationship as a formal marriage. *Id*. at 3

¶¶ 8–9. By the summer of 2024, however, the relationship had soured. *Id*. at 4–5.

The complaint alleges that, "Pursuant to the Puerto Rico Civil Code, the parties established community property ownership on certain assets which requires distribution[.]" *Id*. at 6 ¶ 31. The Complaint lists numerous properties in New York state subject to this alleged common ownership scheme. *Id*. at 6 n.1. According to Plaintiff, although "[t]here was no domestic agreement in place for their time together," Plaintiff and Defendant formed an implied contract to share in the profits of their joint ventures. *Id*. at 7 ¶ 34. Indeed, Plaintiff alleges that "Defendant's property increased by value significantly" throughout the course of their domestic partnership, "in part due to [Plaintiff's] contributions as a real estate agent." *Id*.

On October 30, 2024, Plaintiff filed the instant Motion, a three-page document that moves the Court to enter an Order enjoining Defendant from selling, mortgaging, or encumbering five parcels of real property located in New York. (**ECF No. 46**). The Motion asserts that Defendant is engaged in an effort to sell the properties in question "and keep the entire amount of the profits." *Id*. at 2 ¶ 5. In addition, the Motion goes on to assert that, because Plaintiff has not yet been able to conduct discovery of the information necessary for appraisal and distribution of the properties, and because any eventual discovery will take some time, attachment of the properties in question is necessary. *Id*. at 2 ¶ 5. "[E]ven assuming that defendant cooperates," the Motion reasons, "in order to safeguard plaintiff's rights in those properties in New York, she hereby requests an order from this Honorable Court, prohibiting the sale, transfer or encumbrance, of said properties[.]" *Id*.

In support of the Motion, Plaintiff submits a sworn statement (the "Affidavit") and numerous real estate listings describing the properties in question. The Affidavit presents

no specific factual allegations material to the relief requested. (**ECF No. 46-1**).

### III. Applicable Law and Analysis

The Federal Rules of Civil Procedure provide that, in a federal action, "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." FED. R. CIV. P. RULE 64(a). Plaintiff, who alleges that Defendant is engaged in an effort to sell off assets, hide the proceeds, and avoid the future enforcement of any judgment entered against him, invokes Puerto Rico Rule of Civil Procedure 56.1, and moves the Court to attach several parcels of real property.[1] (**ECF No. 46**).

The Puerto Rico Rules of Civil Procedure broadly empower courts to "issue any

---

[1] Although the Plaintiff only invokes Rule 64, the Court notes that, on the facts presented by the Motion, the controlling standard may be Rule 65, not Rule 64. In *Charlesbank Equity Fund II, Lt. P'ship v. Blinds To Go, Inc.*, the First Circuit held that different standards apply in motions brought under Rule 64 and Rule 65. The First Circuit explained the distinction as follows:

> Even though a freeze order may serve many of the same ends as an attachment, the former acts upon a party whereas the latter is directed at specific property. Restraining (or compelling) individual action is especially strong medicine, and courts should hesitate to issue such orders on an interlocutory basis without a showing of urgent need. The traditional four-part standard for preliminary injunctive relief provides a prophylaxis against the hasty or intemperate use of that power. Consequently, sound policy considerations support the imposition of that standard in connection with freeze orders.

370 F.3d 151, 161 (1st Cir. 2004). Six years later, in *Buscaglia v. Taburno*, this District had the opportunity to analyze the applicability of the *Charlesbank* rule to a dispute analogous to the instant motion. No. 09-cv-2196, 2010 U.S. Dist. LEXIS 83078, at *7 (D.P.R. Apr. 22, 2010). In that case, the court held that, in so far as the non-married former domestic partner was "seeking […] a provisional remedy so as to hinder defendant […] from disposing or encumbering property of the estate, we are to consider that in dealing with such provisional relief […] the creditor who had not yet established his title, has no right to interfere with the debtor's use of the property." *Id.* (*citing Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999)). Citing to *Charlesbank* and suggesting that the relief requested may have been more appropriately classified as an injunction, the *Buscaglia* court went on to note that the Plaintiff had only requested relief under Rule 64. Because Rule 64 applied, the court denied the requested relief without holding a hearing.

Here, because Plaintiff has failed to set forth allegations that would entitle her to a hearing on her Rule 64 motion, and because Rule 65 would in any event require her to meet a higher standard, the Court declines to reach the issue of whether the relief requested here is more properly sought under Rule 64 or Rule 65.

provisional order that may be necessary to secure satisfaction of the judgment." 32 P.R. LAWS ANN. AP. V, RULE 56.1. The Rule expressly provides for attachment. *Id.* "In every case in which a provisional remedy is sought," the Rule directs courts to consider the interests of "substantial justice." *Id.* As this District explained in *Robinson v. Ledesma*, "[t]he purpose of a prejudgment attachment is to allow a plaintiff to secure the judgment that could be entered in due time." No. 06-cv-2011, 2008 U.S. Dist. LEXIS 96969, at *19 (D.P.R. Jan. 8, 2008).

Typically, requests for pre-judgment attachment are resolved only after the non-movant has received prior notice, a hearing has been held, and the movant has posted a reasonable bond.[2] *Molina v. Casa La Roca, LLC*, No. 21-cv-1144, 2021 U.S. Dist. LEXIS 85430, at *9 (D.P.R. May 3, 2021) (citing *Rodríguez v. Stowell*, 133 D.P.R. 881, 896 (1993)). A reasonable bond must be posted unless it "appears from public or private documents [...] signed before a person authorized to administer oaths, that the obligation may be legally enforced". *Id.* (citing 32 P.R. LAWS ANN. AP. V, RULE 56.3(A)).

These stringent requirements reflect the fact that pre-judgment attachments implicate due process. *See generally Connecticut v. Doehr*, 501 U.S. 1 (1991). While pre-judgment remedies exist to safeguard the rights of plaintiffs, those rights must be weighed against the countervailing due process rights of the defendant. *Id.* In the absence of an adequate showing that the requested pre-judgment relief is justified, therefore, the

---

[2] Pursuant to Rule 56.4 of the Puerto Rico Rules of Civil Procedure, a provisional remedy may be granted ex parte and without prior hearing when the movant has demonstrated: "(1) a prior property interest on the asset to be attached; (2) the existence of extraordinary circumstances; or (3) a probability of prevailing on the merits through the use of authentic documentary evidence which shows that there is a debt liquid, due, and payable." *Molina*, No. 21-cv-1144, 2021 U.S. Dist. LEXIS 85430, at *9 (D.P.R. May 3, 2021). Plaintiff has neither requested ex parte attachment nor brought forth sufficient allegations and documentary evidence to warrant that relief. Accordingly, ex parte proceedings are not appropriate under these circumstances.

request must be denied.

As noted above, Plaintiff presents two distinct arguments in support of the Motion. First, Plaintiff states in a conclusory manner that Defendant may "abscond" with any profits derived from the sale of the properties in question. (**ECF No. 46-1**). Only with a pre-judgment order from the Court, Plaintiff argues, "can we guarantee plaintiff's rights in this case and not be faced at trial with the surprise that the properties were conveniently disposed of unilaterally by Defendant, with its profits having disappeared." (**ECF No. 46 at 3 ¶ 10**). Second, Plaintiff asserts that because she has not yet been able to conduct discovery of the information necessary for appraisal and distribution of the properties, and because any eventual discovery will take some time, attachment of the properties in question is necessary. *Id.* Beyond these conclusory assertions, however, Plaintiff does not set forth any specific factual allegations that, if proven true, would justify the requested relief. Plaintiff does not allege any specific facts explaining *how* an implied agreement was formed between Plaintiff and Defendant to share in the division of profits created or derived during the course of their relationship, except by stating generally that she made "contributions as a real estate specialist." (**ECF No. 31 at 7 ¶ 4**); (**ECF No. 46 at 2 ¶4**). There is therefore little indication to believe that a judgment is likely to be entered "in due time." *See Robinson*, 2008 U.S. Dist. LEXIS 96969, at *19. Plaintiff also fails to provide any factual support for the conclusory and speculative assertion that Defendant is likely to "abscond" with any profits allegedly owed to Plaintiff. Neither has Plaintiff proposed a reasonable bond or provided any paperwork showing that the parties have a duly executed or otherwise enforceable agreement. *See Molina*, 2021 U.S. Dist. LEXIS 85430, at *9. More generally, Plaintiff's written Motion and attached Affidavit present no new substantive factual allegations whatsoever. Under these circumstances, the Plaintiff has

failed to make even a prima facie showing that the requested relief would be in the interest of "substantial justice." 32 P.R. LAWS ANN. AP. V, RULE 56.1.

Where a Rule 64 motion contains "insufficient information […] to indicate that the requested pre-judgment attachment order might be necessary to secure satisfaction of an anticipated judgment[,]" courts in this District have declined to hold a hearing on the motion. *See Estate of Hevia v. Portrio Corp.*, 497 F. Supp. 2d 312, 313 (D.P.R. 2007) (denying a Rule 64 motion and declining to hold a hearing where the Plaintiff supported the request for a pre-judgment attachment with only the conclusory assertion that "it is imperative that an attachment be granted to satisfy the future judgment that will be entered in this case."); *Ginzburg v. Davila*, No. 19-cv-1254, 2020 U.S. Dist. LEXIS 272409, at *2 (D.P.R. Dec. 20, 2020) (same); *Buscaglia v. Vasarely*, No. 09-cv-2196, 2010 U.S. Dist. LEXIS 68618, at *8–10 (D.P.R. July 8, 2010) (same). The Court finds that the instant Motion contains insufficient support to warrant a hearing. The Motion is therefore **DENIED** without prejudice.

### IV. Conclusion

Plaintiff has failed to set forth a plausible justification for the relief requested in the instant Motion. For that reason, the Court declines to schedule an evidentiary hearing and Plaintiff's Motion is **DENIED** without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of December, 2024.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**