THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**Diana Lynn Anglada,**

*Plaintiff*,

v.

**Marc Andre Chiffert,**

*Defendant.*

Civil No. 24-1431 (MAJ)

**OPINION AND ORDER**

**I.     Background**

Diana Lynn Anglada ("Anglada") and Marc Andre Chiffert ("Chiffert") are former romantic partners. (**ECF No. 31 at 2 ¶ 6**). On October 22, 2024, Anglada filed the operative complaint ("Complaint"), seeking financial, physical, and emotional damages from Chiffert, as well as the equitable division of all property held in common by the former couple. (**ECF No. 31 at 4–8**). Alleging that Chiffert was a resident of New York State, Anglada, who is a resident of Puerto Rico, invoked the diversity jurisdiction of the Court. (**ECF No. 31 at 1 ¶¶ 4–5**).

On November 6, 2024, Chiffert moved to dismiss the Complaint on jurisdictional grounds, claiming that he was a resident of Puerto Rico. (**ECF No. 47**). Anglada opposed the motion and maintained that Chiffert was actually a resident of New York. (**ECF No. 48**). On November 15, 2024, the Court scheduled an evidentiary hearing to resolve the dispute. (**ECF No. 50**). The hearing was held on December 11, 2024 (the "Evidentiary Hearing"). Anglada called herself and Chiffert as witnesses. Chiffert called himself and

five additional witnesses. Both parties entered various exhibits into evidence. (**ECF No. 66**).

After careful consideration of the evidence, the Court concluded that Chiffert was a resident of Puerto Rico and dismissed the case for lack of subject matter jurisdiction. (**ECF No. 67**). In reaching this decision, the Court looked to a variety of factors that together established that Chiffert was a citizen of Puerto Rico at the time that this case began. Those factors included evidence demonstrating that: Chiffert routinely held himself out as a resident of Puerto Rico, (**ECF No. 73 at 171:11–172:7**); Chiffert opened a business in Puerto Rico in January 2023 and physically relocated to the island at that time, (**ECF No. 73 at 172:8–12**); Chiffert obtained health insurance and medical care in Puerto Rico, (**ECF No. 73 at 172:12–16**); Chiffert had strong ties to the local community in San Juan, including his role as a member of the board of directors at his condominium building, his efforts campaigning for a woman who sought a position as the president of a local engineering association, and his relationships to members of the local community, (**ECF No. 73 at 172:17–19, 173:12–20**); Chiffert had obtained a Puerto Rico driver's license and had cancelled his New York driver's license, (**ECF No. 73 at 172:19–25**); Chiffert was registered to vote in Puerto Rico, (**ECF No. 73 at 172:21–22**); Chiffert maintained bank accounts in Puerto Rico, (**ECF No. 73 at 172:22–23**); Chiffert had voted in Puerto Rico in the summer and fall of 2024, both immediately before and immediately after the filing of the Complaint, (**ECF No. 73 at 173:2–11**); Chiffert had recently filed his taxes in Puerto Rico, (**ECF No. 73 at 174:1–2**); Chiffert rented an office, rented an apartment, paid utilities, and owned a vehicle in Puerto Rico, (**ECF No. 73 at 174:2–10**); and Chiffert was managing three ongoing engineering projects on the island, (**ECF No. 73 at 174:11–15**). After weighing all of the evidence introduced at the

Evidentiary Hearing, the Court found that the totality of the record had established that Chiffert was a citizen of Puerto Rico. (**ECF No. 73 at 175:5–8**). As the Court emphasized in its ruling, no single factor was dispositive. (**ECF No. 73 at 170:11–14**).

After Anglada filed a notice of appeal, (**ECF No. 69**), the case sat dormant for approximately nine months. Then, on September 15, 2025, Anglada filed the instant Motion for Relief from Judgment. (**ECF No. 83**).[1] Anglada moves the Court to set aside judgment and resurrect this case on two grounds: (1) based on "newly discovered evidence" under Rule 60(b)(2) of the Federal Rules of Civil Procedure, and (2) based on evidence that Chiffert engaged in "fraud, misrepresentation, or misconduct" under Rule 60(b)(3). Specifically, Anglada submits evidence demonstrating that Chiffert maintains an "active" voter registration status in New York, (**ECF No. 83-1**), despite the fact that Chiffert testified at the Evidentiary Hearing that he had "cancelled [his voter] registration in New York[.]" (**ECF No. 73 at 62:17–18**). According to Plaintiff, this "newly discovered" evidence demonstrates "that Defendant perjured himself when he testified that he had cancelled his [voter] registration in New York and that he was still voting in New York 10 months after he registered his domestic corporation fraudulently stating that he was domiciled in Puerto Rico." (**ECF No. 83 at 4**). On that basis, Plaintiff moves for relief from judgment.

## II. Analysis

Under Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms," a district court "may relieve a party . . . from a final judgment[.]" FED. R. CIV. P. 60(b). The district court may grant such relief for six enumerated reasons, including (1)

---

[1] On December 16, 2024, Plaintiff filed a notice of appeal. (**ECF No. 69**). The appeal is still pending. However, a district court may entertain a Rule 60(b) motion while an appeal is pending without leave from the court of appeals. *Puerto Rico v. SS Zoe Colocotroni*, 601 F.2d 39, 42 (1st Cir. 1979).

where the movant presents "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[,]" or (2) where the party moving for relief demonstrates "fraud . . . misrepresentation, or misconduct by an opposing party[.]" FED. R. CIV. P. 60(b)(2), (3).[2] "Rule 60(b) relief is extraordinary relief reserved for exceptional circumstances, given the countervailing interest in the finality of [a final judgment]." *Paul Revere Variable Annuity Ins. Co. v. Zang*, 248 F.3d 1, 5 (1st Cir. 2001) (internal quotations and citations omitted); *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 309 (2025) (explaining that Rule 60(b) "attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done.") (internal quotations and citations omitted). For that reason, Rule 60(b) relief should be granted only "sparingly." *Rivera-Velázquez v. Hartford Steam Boiler Inspection and Ins. Co.*, 750 F.3d 1, 3 (1st Cir. 2014).

Where, as here, the party moving for relief from judgment produces "newly discovered evidence" or claims "fraud . . . misrepresentation, or misconduct by an opposing party[,]" the motion must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). Anglada satisfies that requirement. Yet even where a Rule 60 movant satisfies the one-year limitation imposed by Rule 60(c)(1), she must still advance her motion "within a reasonable time[.]" *Id.*; *Rosaura Bldg. Corp. v. Mun. of Mayagüez*, 778 F.3d 55, 64 (1st Cir. 2015) ("Rule 60(c)(1) requires that motions for newly discovered evidence pursuant to Rule 60(b)(2)

---

[2] Rule 60(b) provides for several other circumstances under which relief from judgment may be warranted, such as for "mistake, inadvertence, surprise, or excusable neglect;" where "the judgment is void;" or where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or for any other reason that justifies relief." FED. R. CIV. P. 60(b). Because none of those factors are relevant to this motion, the Court will not address them in detail.

be brought before the district court 'within a reasonable time' *and* 'no more than a year after the entry of the judgment.'") (emphasis added); *Ciprian v. City of Providence*, Civ. No. 12-651, 2015 WL 1809337, at *2 (D.R.I. Apr. 21, 2015) (where a motion for relief from judgment filed under Rule 60(b)(3) "falls just within the one-year outer limit of Rule 60(c)(1) . . . that does not [necessarily] render the delay 'reasonable.'"). At this hurdle, Anglada falters. "What is reasonable depends on the circumstances of each case." *Hispanic Fed'n v. Uriarte Otheguy*, Civ. No. 21-1573, 2025 WL 1155933, at *11 (D.P.R. Apr. 21, 2025). Here, Chiffert moved for dismissal on November 6, 2024. In that motion, he directly placed his voter registration history at issue. (**ECF No. 47 at 2**); (**ECF No. 47-7**). Indeed, the law regards "voting registration and voting practices" as factors relevant to the determination of a person's domicile. *See Aponte–Dávila v. Mun. of Caguas*, 828 F.3d 40, 46 (1st Cir. 2016). The Court held a hearing more than one month after the motion to dismiss was filed, affording the parties substantial time to prepare. (**ECF No. 66**). Anglada never explains why she was unable to obtain Chiffert's voter registration records in advance of the Evidentiary Hearing, nor does she offer an explanation as to why it took her an additional nine months to obtain the records and submit them with this Rule 60 motion. (**ECF No. 83-1**).[3] The Court can conceive of no such justification. The Court therefore concludes that the instant motion was not filed "within a reasonable time" and that Rule 60 relief is not warranted.

Furthermore, even if the motion had been timely, Anglada still would not be entitled to the relief she seeks. As previously noted, Anglada moves for relief from judgment on the basis of "newly discovered evidence," FED. R. CIV. P. 60(b)(2), and on the

---

[3] It bears noting that New York State voter registration records are public records. N.Y. ELEC. LAW §§ 5-504, 5-507 (McKinney 2025).

basis of "fraud, misrepresentation, or misconduct by an opposing party," FED. R. CIV. P. 60(b)(3). The Court will address each issue in turn.

### A. Newly Discovered Evidence

Where a movant seeks relief from judgment on the basis of "newly discovered evidence," Fed. R. Civ. P. 60(b)(2), she must establish that (1) the evidence has been discovered since trial, (2) the evidence could not by due diligence have been discovered earlier by the movant, (3) the evidence is not merely cumulative or impeaching, and (4) the evidence is of such a nature that it would probably change the result if the motion were granted. *Mitchell v. United States*, 141 F.3d 8, 18 (1st Cir. 1998). Anglada fails to satisfy these elements.

First, for the same reasons provided above, Anglada has not established that the proffered evidence could not have been discovered earlier with due diligence. On the contrary, the facts suggest that with reasonable diligence Anglada should have discovered the proffered evidence *before* the Evidentiary Hearing was even held. There is thus no question that, with due diligence, she should have discovered the proffered evidence sooner than nine months after final judgment was entered dismissing the Complaint.

Second, the proffered evidence has little probative value beyond its value as impeachment material. Among the many factors considered by the Court in determining the true domicile of Chiffert, (**ECF No. 73 at 171–175**), the Court never relied on Chiffert's claim that he had "cancelled [his voter] registration in New York[.]" (**ECF No. 73 at 62:17–18**). Moreover, while the Court did expressly rely on the fact that Chiffert was registered to vote in Puerto Rico and recently exercised his voting rights in Puerto Rico, (**ECF No. 73 at 172:21–22, 173:2–11**), those findings are not undermined by the proffered evidence. The "newly discovered evidence" proffered by Anglada offers two

pieces of relevant information: (1) Chiffert retains an active voter registration record in New York to this day, and (2) Chiffert last voted in New York on November 7, 2023. (**ECF No. 83-1**). Neither of those facts are in direct conflict with the Court's findings that (1) Chiffert was registered to vote in Puerto Rico at the time the Complaint was filed in September 2024, and (2) Chiffert voted in Puerto Rico in the summer and fall of 2024. The proffered evidence therefore primarily has value as impeachment material, since Chiffert claimed in his sworn testimony that he had "cancelled [his voter] registration in New York" after moving to Puerto Rico. (**ECF No. 73 at 62:17–18**).

For that reason, Anglada fails to show that the evidence is of such a nature that it would probably have had an influence on the disposition of this case. Since the Court never relied on Chiffert's claim that he had cancelled his voter registration in New York, it is not clear that undermining that claim would change the Court's decision. The decision to dismiss the Complaint was otherwise supported by overwhelming evidence. *See generally* (**ECF No. 73 at 171–75**). There is thus no reason to assume that the impeachment evidence proffered by Anglada could have broadly shifted the result of the case. Accordingly, the Court finds that Anglada has failed to establish that relief from judgment under Rule 60(b)(2) is warranted.

### B. Fraud, Misrepresentation, or Misconduct by an Opposing Party

Under Rule 60(b)(3), a district court may provide relief from a final judgment where the movant shows that the opposing party has committed "fraud . . . misrepresentation, or other misconduct[.]" FED R. CIV. P. 60(b)(3). "There are two prerequisites to obtaining redress under this rule. First, the movant must demonstrate misconduct — such as fraud or misrepresentation — by clear and convincing evidence. Second, the movant must show that the misconduct foreclosed full and fair preparation

or presentation of [his] case." *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 20–21 (1st Cir. 2002). Anglada fails to make either showing.

Anglada has introduced no convincing evidence establishing that Chiffert willfully lied about his voter registration history. To establish "fraud" or "misrepresentation" under Rule 60(b)(3), the movant must establish by clear and convincing evidence that their opponent acted *intentionally* to commit fraud or make a misrepresentation. *Karak*, 288 F.3d at 21 (information that "merely establishes a conflict in the evidence" without proving that the opposing party "intentionally misrepresented pertinent facts . . . is not enough"). There is nothing on the record suggesting that Chiffert's testimony was willfully inaccurate. Instead, it would be just as reasonable to assume that the inaccuracy in his testimony was accidental. Thus, "even when read through rose-colored glasses," the evidence brought forth by Anglada "merely establishes a conflict in the evidence; it does not clearly and convincingly show that [Chiffert] *intentionally* misrepresented pertinent facts." *Karak*, 288 F.3d at 21 (emphasis added).

Nor does Anglada establish that this instance of fraud or misrepresentation "substantially interfered with [her] ability to fully and fairly prepare for, and proceed at, trial." *Roger Edwards, LLC v. Fiddes & Son*, 427 F.3d 129, 134 (1st Cir. 2005). The burden is on the movant to demonstrate that alleged misconduct substantially interfered with her ability to prepare the case. *Fontanillas-López v. Bauzá Cartagena*, 832 F.3d 50, 63 (1st Cir. 2016). Here, Anglada provides no sound reason for her failure to unearth relevant information about Chiffert's domicile in advance of the Evidentiary Hearing; nor does she establish that the inaccuracy in Chiffert's testimony "precluded inquiry into a plausible theory [of jurisdiction], denied [her] access to evidence that could well have been probative on an important issue, or closed off a potentially fruitful avenue of direct or

cross examination." *Cryovac, Inc.*, 862 F.2d at 925. Far from it: Anglada was put on notice that Chiffert's voter registration history was at issue approximately one month prior to the hearing, (**ECF No. 47 at 2**), and she had every opportunity to cross-examine Chiffert at the Evidentiary Hearing to uncover any falsehoods in his testimony.

"Rule 60(b)(3) is designed to afford protection against judgments that are unfairly obtained rather than against judgments that are factually suspect." *Karak*, 288 F.3d at 22. Anglada attempts to relitigate an issue that was conclusively adjudicated almost a full year ago, and which she had every opportunity to fully and fairly litigate at that time. Because that is not the purpose of Rule 60(b), the Court declines to grant relief from judgment.

### III. Conclusion

On December 11, 2024, the Court dismissed this case for lack of subject matter jurisdiction. (**ECF No. 67**). That decision found overwhelming support in the record. Today, almost a full year after judgment was entered, the same remains true: Anglada's belated attempt to reopen this case and relitigate matters that have been conclusively resolved is to no avail. Pursuant to the requirements of Rule 60(b) of the Federal Rules of Civil Procedure, relief from judgment is not warranted. Plaintiff's Motion for Relief from Judgment is therefore **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of October, 2025.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**